UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHULA VISTA ELEMENTARY SCHOOL DISTRICT,<br><br>                Plaintiff/Counter-Defendant,<br><br>v.<br><br>ANA PENAGOS, Parent on Behalf of A.P., Student,<br><br>                Defendant/Counter-Claimant. | Case No.: 24cv0386-LL-JLB<br><br>**ORDER GRANTING JOINT MOTION TO FILE OFFICIAL ADMINISTRATIVE RECORD UNDER SEAL**<br><br>[ECF No. 18] |

On February 27, 2024, Plaintiff/Counter-Defendant Chula Vista Elementary School District filed a complaint against Defendant/Counter-Claimant A.P. (a minor), by and through his guardian at litem, Ana Penagos, seeking to overturn portions of a hearing decision from the State of California's Office of Administrative Hearings ("OAH"), pursuant to the Individuals with Disabilities Education and Improvement Act ("IDEA"), 20 U.S.C. § 1400 et seq. ECF No. 1.

On July 25, 2024, the parties filed a Joint Motion to Seal the Official Administrative Record of that hearing in order to protect A.P.'s privacy. ECF No. 18. The parties have lodged the unredacted administrative record with the Court to review in advance of deciding this motion. ECF No. 19. Upon review, the Court **GRANTS** the Joint Motion to file the OAH record under seal for the reasons set forth below.

1

## I. LEGAL STANDARD

There is a presumptive right of public access to court records. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978). That right is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quotations omitted).

Parties seeking to seal documents in a dispositive motion must thus meet the high threshold requiring "compelling reasons" with specific factual findings to support a sealing. *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). The "compelling reasons" test requires showing more than just "good cause." *Id.* This standard applies even if the motion or its attachments were previously filed under seal or protective order. *Id.* at 1179.

The Ninth Circuit has "carved out an exception" to the compelling reasons standard for documents produced in discovery and documents not attached to a dispositive motion. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). To seal such documents, the moving party need only provide "good cause" to show, *San Jose Mercury News, Inc. v. U.S. Dist. Court–N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999), that "specific prejudice or harm will result." *Phillips*, 307 F.3d at 1210–11 (citation omitted). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id.* (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

Importantly, however, the Ninth Circuit has interpreted the terms "dispositive" and "non-dispositive" loosely when determining which standard to apply. *Ctr. for Auto Safety*, 809 F.3d at 1098 ("To only apply the compelling reasons test to the narrow category of

dispositive motions goes against the long held interest in ensuring the public's understanding of the judicial process and of significant public events.") (quotations omitted). Thus, where the sealed material "is more than tangentially related to the underlying cause of action," the Court applies the higher "compelling reasons" standard. *Id.* at 1099.

## II.     DISCUSSION

The parties move the Court to seal the record for the OAH hearing to protect "A.P.'s overriding privacy interest" because the record contains his "pupil records, medical records and/or information, and private and confidential information," "including personally identifiable pupil information." ECF No. 18, at 2–3. The parties contend that the information contained within the record "are protected from disclosure by both the Family Educational Rights Privacy Act ("FERPA," 20 U.S.C. § 1232g; 34 C.F.R. § 300.623) and the California Education Code (Ed. Code § 49076)," and that given the "nature of these confidential records, as well as the volume of private information in, and length of, the Administrative Record," "redaction is not appropriate as a means of protecting A.P.'s sensitive personal and confidential information." *Id*.

FERPA prohibits federal funding of an education institution that "has a policy or practice of releasing, or providing access to, any personally identifiable information in education records" without the written consent of the student, a lawfully issued subpoena, or a judicial order. 20 U.S.C. § 1232g(b)(2). The term "personally identifiable information" means information "that, alone or in combination is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty." 34 C.F.R. § 99.3.

Here, the parties provide compelling reasons to seal the OAH record. The OAH record contains references to the learning disability, private educational records, and personally identifiable information "of a minor, and thus, should be protected." ECF No. 24, *E.M. v. Poway Unified Sch. Dist.*, No. 19-cv-0689-JM-MSB, at *2 (S.D. Cal. July 29,

2019). Such material is "largely protected from public disclosure by both federal and state law." *J.M. v. Oakland Unified Sch. Dist.*, No. 17-cv-4986-HSG, 2018 WL 6574190, at *8 (N.D. Cal. Dec. 13, 2018).

The prohibited references here are also "too numerous to redact," *A.B. ex rel. W.F.B. v. San Francisco Unified Sch. Dist.*, No. C 07-4738 PJH, 2007 WL 2900527, at *1 (N.D. Cal. Oct. 2, 2007), "as the administrative record is voluminous." *E.M.*, No. 19-cv-0689-JM-MSB, at *2. For instance, the parties' exhibits span more than 1,000 pages and identify A.P. by name ubiquitously and contain sensitive details pertaining to his educational development. Likewise, the hearing transcripts span more than 600 pages and discuss A.P.'s educational records at length.

### III.  CONCLUSION

Accordingly, the Court finds it appropriate to seal the entire OAH record in this matter. *See Carmel Unified Sch. Dist. v. Hodges*, No. 23-cv-0856-PCP, 2023 WL 9102072, at *2 (N.D. Cal. Dec. 21, 2023) (sealing entire OAH record); *D.L. v. Poway Unified Sch. Dist.*, No. 19-cv-0780-GPC-RBB, 2019 WL 13267084, at *2 (S.D. Cal. Nov. 1, 2019) (same). The Joint Motion to file the entire OAH record under seal is **GRANTED**.

**IT IS SO ORDERED.**

Dated: August 19, 2024

_____
Honorable Linda Lopez
United States District Judge